IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RECEIVED SEP 19 2018 U.S.C.A. 3rd. CIR.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CRIMINAL CASE No. 12-182 |
| | : | |
| WHEELER ZAMICHIELI | : | |

FILED SEP 19 2018 KATE BARKMAN, Clerk By _____ Dep. Clerk

DEFENDANT'S MOTION TO CORRECT AND/OR RECONSIDER
SENTENCE PURSUANT TO FED.R.CRIM.P. 35(a)

NOW COMES, Defendant Wheeler Zamichieli, on this 17th day of September, 2018, respectfully requesting the Court to correct and/or reconsider the sentence imposed on September 10, 2018,[1] pursuant to the Federal Rules of Criminal Procedure "Rule 35(a)." In support, Defendant state:

I.  Introduction

Pursuant to the Federal Rules of Criminal Procedure "Rule 35(a)," within '7 days after sentence, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. Fed.R. Crim.P. 35. Additionally, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment if extraordinary and compelling reasons exist.

---

[1] Defendant hand-delivered the instant motion to prison officials for mailing on September 17, 2018, which is deemed timely filed. See Houston v. Lack, 487 U.S. 266 (1988); also see, Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1988)(explaining that, "a pro se prisoner's petition is deemed filed at the moment he deliver's it to prison officials for mailing").

II.     Argument

a.      Defendant argues, there is an arithmetical, technical, and other clear error with respect to the Court's sentence of 210 months imposed, since Defendant's maximum sentence under 18 U.S.C. § 922(g) is ten (10) years, and Defendant is not an Armed career Criminal under 18 U.S.C. § 924(e).

b.      The sentence imposed was clearly erroneous, greater than necessary, unreasonable, unreasonable, and cruel and unusual under the Eight Amendment and USSG § 3553 factors, because the Court expressly declined to consider various personal characteristics such as Defendant's physical condition. See Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 168 L.Ed.2d 263, 2007 Lexis 8269 (2007); also see, Estella v. Gamble, 429 U.S. 97, 102, 97 S. Ct. 203, 50 L.Ed.2d 251 (1976)("the cruel and unusual punishment clause of the Eight Amendment proscribes punishment so grossly disproportionate to the eseverity of the crime and it impose substantive limits on what can be made criminal and punished").  Moreover, the cruel and unusual punishment clause embodies broad and idealistic concept of dignity, civilized standards, humanity, and decency, against which penal measures must be evaluated.

Extraordinary and Compelling Reasons

The Court should reconsider its sentence pursuant to USSG §5H1.4, because Defendant has a serious delibilitating medical condition due to illness or injury, from which he will never recover from, amounting to extraordinary and compelling reasons for reconsideration.  To be clear, Defendant has been diagnosed in September of the year 2016 with Mixed

2

Connective Tissue Disease ("MCTD") by the Federal Bureau of Prisons, of which disease, [there is no cure or treatment] for.

Importantly, Defendant's MCTD which he suffers from, has a life expecency of ten (10) years. Consequently, the Court's imposition of 210 months, does not give Defendant hope for life after prison, as encouraged under USSG § 3553 factors, because the sentence exceeds Defendant's life expectency, in light of his disease. The Court in Defendant's case, expressly declined to consider the personal characteristice of Defendant's physical condition, when imposing sentence.

Erroneous Armed Career Criminal Classification

The Court should correct Defendant's sentence, because it clearly erred in sentencing him under the Armed Career Criminal Act, based on two (2) prior Pennsylvania "PWID" convictions, under 35 Pa. § 780-113 (a)(30), and an Pennsylvania Aggravated Assault conviction under 18 Pa. § 2702(a) that happen on the same occasion as one of the PWID convictions.

First, Defendant argues, the Pennsylvania "PWID" conviction does not meet the definition of a controlled substance offense, under the ACCA guidelines, and is overbroad. To be clear, Pennsylvania "deliver" element does not mean the same as the ACCA guideline "distribute" element. In support of Defendant's argument, a seperate Georgia statute made distinctively clear the words "deliver" and "distribute" as seperate elements, proving deliver and distribute under the ACCA guidelines cannot be the same. See Georgia statute below:

> "it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with

3

intent to distribute any controlled substance"): Georgia Statute O.C.G.A. § 16-13-30(b); also see, Williams v. United States, 2018 U.S. Dist. Lexis 28185 (S.D. Georgia, Feb. 7, 2018)("Williams was convicted of delivering, distributing, and selling cocaine, possessing with intent to distribute").

Here, Defendant argues in light of the Georgia statute, the words "delivery" and "distribution" included by the legislature, is a clear paramount of the two words making unmistakenly clear the distinction of the two words. Consequently, Pennsylvania's § 780-113(a)(30) statute sweeps broader than the guidelines definition of a controlled substance offense, and does not count as an ACCA predicate offense.

Lastly, it was clear error to sentence Defendant as an Armed Career Criminal, because his March 23, 1994 "Aggravated Assault" and March 23, 1994 "PWID" deliver arrest and convictions happen on the same occasions, and is part of the same criminal episode. The Government at sentence did not meet it's burden by providing the Court with Shepard approved documents. The Defendant did submit the Colloquy of the March 23, 1994 Aggravated Assault conviction, as evidence, which ultimately revealed, Defendant had 1402 consolidation, because the two arrest were committed on the same occasion.

Wherefore, Defendant respectfully asked this Court to correct, reconsider, and resentence him without the ACCA enhancement.

Date: September 17, 2018                           Respectfully Submitted,

                                                   Wheeler Zamichieli

4

CERTIFICATE OF SERVICE

I, Wheeler Zamichieli, hereby certify on this 17th day of September, 2018 that, a true and correct copy of the following: Defendant's Motion To Correct And/Or Reconsider Sentence Pursuant To Fed.R.Crim.P. 35(a), has been sent U.S. Certified Mail #7008 3230 0001 5913 9379 to the Clerk of Courts for the U.S. Eastern District Court of Pennsylvania, and served upon the person below, via "Electronic Case Filing System (ECF), addressed as follows:

ASSISTANT U.S. ATTORNEY
KEVIN JAYNE
615 CHESTNUT STREET
SUITE 1250
PHILA, PA. 19106

Date: September 17, 2018

Respectfully Submitted,

Wheeler Zamichieli
Inst#67271-066
Federal detention Center
P.O. Box 562
Phila, Pa. 19105

5