IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| WHEELER ZAMICHIELI | : | NO. 12-182 |


MEMORANDUM

Bartle, J.                                      June 25, 2024

        Defendant Wheeler Zamichieli was convicted as a felon
in possession of a firearm in violation of 18 U.S.C. §§ 922(g)
(1) and 924(c).  After a long and involved history including two
trials and several trips to the Court of Appeals, Zamichieli was
resentenced on May 3, 2023 to a time served sentence of 120
months plus three years of supervised release by Judge Eduardo
Robreno, the third district judge to whom the case had been
assigned over the years.  Zamichieli, acting pro se, has now
moved for early termination of his supervised release.  Judge
Robreno has since retired, and the action has been transferred
to the undersigned.

        Section 3583(e)(1) provides:

        (e) Modification of conditions or
        revocation. The court may, after considering
        the factors set forth in section 3553(a)(1),
        (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4),
        (a)(5), (a)(6), and (a)(7) –

(1) terminate a term of supervised
release and discharge the defendant
released at any time after the
expiration of one year of supervised
release, pursuant to the provisions of
the Federal Rules of Criminal Procedure
relating to the modification of
probation, if it is satisfied that such
action is warranted by the conduct of
the defendant released and the interest
of justice.

The factors outlined in Section 3553(a) which the
court must consider are:

(1) the nature and circumstances of the
offense and the defendant's history and
characteristics; (2) the need to afford
adequate deterrence to criminal conduct,
protect the public from further crimes of
the defendant, and provide him with needed
educational or vocational training, medical
care, or other correctional treatment in the
most effective manner; (3) the kinds of
sentence and sentencing range established
for the defendant's crimes; (4) pertinent
policy statements issued by the United
States Sentencing Commission; (5) the need
to avoid unwarranted sentence disparities
among defendants with similar records who
have been found guilty of similar conduct;
and (6) the need to provide restitution to
any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).

A term of supervised release is almost always a

component of any sentence where imprisonment is imposed.  See 18

U.S.C. § 3583; U.S. Sentencing Guidelines § 5D.1.1.  In contrast

to imprisonment, "the primary purpose of supervised release is

to facilitate the integration of offenders back into the

community rather than to punish them." United States v. Murray,

692 F.3d 273, 280 (3d Cir. 2012)(quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)).  Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).  Accordingly, when considering a modification or termination of supervised release, the court does not consider the sentencing factors outlined in Section 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." See § 3583(e) (1).

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" in order to modify or terminate a person's supervised release. Melvin, 978 F.3d at 53.  While the court must consider the factors found in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), it need not make specific findings as to each. Id. at 52-53.

Since he began his supervised release in May 2023, Zamichieli states that he has been employed with the Snow White Home Health Care at the Virginia Mennonite Retirement Center (VMRC) where he cares for his elderly mother and other elderly

residents.  He has his own apartment, pays the rent and utilities, owns a vehicle and pays the insurance.

He maintains ties with one of his daughters.  However, he has difficulty doing so with a second, younger daughter since a term of his supervised release restricts him to the Western District of Virginia.  As a result, he maintains he cannot travel to see her, at least without the permission of his probation officer or the Court.  His probation officer reports that he has never sought authorization to do so.

Zamichieli notes he is a devoted member of the Divine Unity Community Church and tithes.  He writes that "he has changed profoundly, ultimately setting him on a stable path that he is on today."  He adds that "he has been fully integrated into society and is a valued worker, family member and citizen."

The Government opposes Zamichieli's pending motion.  It references his criminal history score of 7 which placed him in Criminal History Category IV.  On one occasion, he pointed a .38 caliber handgun at a Philadelphia Police Officer.

Zamichieli's probation officer has had "no real issues" with him during the short time he has been under supervision.  The probation officer notes, however, that

Zamichieli has incurred several traffic violations for significantly exceeding the speed limit.

Zamichieli has a long criminal history and has served only one year of his three years of supervised release.  While the Court lauds him for turning his life around, the time that has elapsed since his release from prison is too short for a reliable evaluation.  After considering all the required factors under Section 3583(e)(1), the Court finds that Zamichieli has not established that it is in the interest of justice to grant his motion for early termination of supervised release.